IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL EUGENE MARKCUM                                                                    PLAINTIFF

v.                                              Civil No. 4:19-cv-4120

JANA TALLENT, Jail Administrator, Howard
County Detention Center; DEPUTY JOHN ERIC;
and SHERIFF BRIAN MCJUNKINS                                                              DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Michael Eugene Markcum pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

**I. BACKGROUND**

Plaintiff filed his Complaint on September 17, 2019. (ECF No. 1). Plaintiff alleges that the following Defendants violated his constitutional rights while he was incarcerated in the Howard County Jail: Jana Tallent, Jail Administrator, Howard County Jail; Deputy John Eric; and Sheriff Brian McJunkins. (ECF No. 1).

Plaintiff's Complaint asserts one claim against Defendants, in both their individual and official capacities. (ECF No. 1). Plaintiff states that they denied him the ability "to eat hot food and healthy food, no gloves or hair net." *Id*. Plaintiff alleges that the deprivations have been ongoing since January 3, 2019. *Id*.

Plaintiff alleges that Defendant Tallent allows staff "to handle o[ur] food with no gloves or hairnet, our food is exposed in a rack in the hallway uncovered. When I worked outside they would put [the food] outside uncovered with bugs o[n] it. . . . It happens every day." When Plaintiff was asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states, "[b]ecause the sheriff knows what's going o[n] and never answers request or a grievance. Jana Tallent answers for her – letting them feed us cold food exposed food to bacteria. And to disease by not wearing gloves or hairnet." *Id.*

Plaintiff alleges that Defendant Eric "will not answer request about our food and the way it has been handle. He also allows this to go on." When asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states, "[Defendant Eric] denies us our right to be served healthy food. By not keeping the healthy code. By leaving our food on a rack exposed, no one wears gloves or hairnets serving or preparing or food. Plus, he has seen our food setting outside and said nothing." *Id*.

Plaintiff alleges Defendant McJunkins "is the sheriff it's also his job to maintain a healthy environment for us when it come to our food. I have been here awhile it has taking me long time to get paperwork from them to file this. He knows the health code but he doesn't up hold it here as far as our food." When asked to describe the custom or policy that he believes caused the constitutional violation, Plaintiff states, "I believe because he is Sheriff he should lead by example. He allows his guards jail administrator and Deputy Sheriff to let people handle our food wrongfully and expose us to bacteria and diseases." *Id.*

Plaintiff seeks compensatory and punitive damages. He states: "I would like to have 100,000 from each one of the Defendants. All three of them to resign and to buy a heater box for the food make them uphold the health code and wear gloves." *Id.*

## II. STANDARD

Under the PLRA, the Court must screen the case prior to service of process. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

As set forth above, Plaintiff asserts individual and official capacity claims against all three Defendants with respect to his allegations that they denied him the ability "to eat hot food and healthy food." Plaintiff states that the food was left exposed on a rack in the hallway or outside, allowing bugs to access the food and contaminating it with disease and bacteria. Finally, Plaintiff states that staff serving the food did not use gloves or hair nets. Plaintiff states that these allegations occur every day.

The Court will begin by addressing Plaintiff's individual capacity claims. Then the Court will address the official capacity claims.

**A. Individual Capacity Claims**

Plaintiff alleges that Defendants violated his Eighth Amendment rights by allowing staff to regularly serve him cold food that was left out and exposed to bugs, thereby contaminating the food with bacteria and disease.

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with nutritionally adequate food. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Claims of cold or contaminated food are insufficient under the Eighth Amendment unless the food "was nutritionally inadequate or prepared in a manner presenting an immediate danger to [the inmate's] health, or that his health suffered as a result of the food." *Wishon*, 978 F.2d at 449; *see also Brown-El v. Delo*, 969 F.2d 644, 649 (8th Cir. 1992) (holding that a claim of cold food, without more, is frivolous). Moreover, isolated instances of contaminated food do not state a claim of constitutional dimension. *See Wishon*, 978 F.2d at 449; *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) (same); *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) (stating that "occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion").

Plaintiff's allegations, taken as true for purposes of this screening order, do not rise to the level of an actionable constitutional deprivation under section 1983. Assuming *arguendo* that Plaintiff has alleged a sufficient number of instances of contaminated food, he has not alleged

that the food at issue "was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Wishon*, 978 F.2d at 449. Plaintiff's allegations that the food was exposed to bacteria and disease before being served to him "is too speculative to warrant relief because [he] do[es] not allege that [he was] ever made ill by the food." *Chapman v. Simon*, No. 4:05-cv-2334-TCM, 2006 WL 335507, at *4 (E.D. Mo. Feb. 13, 2006) (dismissing at screening the plaintiffs' Eighth Amendment claim related to allegations that food served in jail was left out long enough to become contaminated). Plaintiff's allegations that the jail's preparation of food violates the applicable health code does not equate to a constitutional violation. *See, e.g.*, *United States v. Suing*, 712 F.3d 1209, 1213 (8th Cir. 2013) (stating that violations of state law or state standards does not necessarily equate to a constitutional violation). Plaintiff's allegations that staff handled the inmates' food without wearing hairnets or gloves likewise is insufficient because he has not alleged that he was harmed by eating the food. *Hall v. Busby*, No. 3:10-cv-0082-JMM/JTR, 2010 WL 2541109, at *2 (E.D. Ark. June 4, 2010), *report and recommendation adopted*, No. 3:10-cv-0082-JMM/JTR, 2010 WL 2572959 (E.D. Ark. June 22, 2010). Thus, the Court cannot infer from Plaintiff's allegations that he was deprived of the "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298. For these reasons, the Court finds that Plaintiff has failed to state an individual capacity claim upon which relief may be granted and, accordingly, these claims should be dismissed.

**B. Official Capacity Claims**

Plaintiff also asserts his Eighth Amendment claims against Defendants in their official capacities. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

Thus, Plaintiff's official capacity claims are treated as claims against Howard County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Howard County's liability under section 1983, "[P]laintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

To plead an unconstitutional policy, Plaintiff must allege "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas Cnty. Med. Dept.*, 725 F.3d 825, 829 (8th Cir.2013). However, a single deviation from a written policy does not establish a custom but, rather, to establish the existence of a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828. Under this standard, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*

Plaintiff has not alleged that Howard County has a policy of providing contaminated food to inmates. Plaintiff comes closer to alleging a custom, as he alleges that Defendants were aware of the regular service of contaminated food but did nothing about it. Viewed liberally, these allegations could establish the existence of a pattern of conduct and that Defendants were either deliberately indifferent to or tacitly authorized the conduct. However, Plaintiff has not alleged that Defendants are policymaker officials for Howard County. Thus, he has not alleged that Howard County's policymaking officials were deliberately indifferent to or tacitly authorized the conduct. *Id.* at 828. Moreover, as discussed above, Plaintiff has not alleged that he became ill or suffered any physical effect from eating the food. Thus, he has not alleged that he "was injured by acts pursuant to the governmental entity's custom." *Id.* Thus, Plaintiff has not pleaded the existence of a custom. Accordingly, Plaintiff's official capacity claims fail and should be dismissed.

## IV. CONCLUSION

Plaintiff's claims are subject to dismissal under the PLRA because they are either frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge